UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| RANBEER SINGH, | Petitioner, |
| v. | Civil Action No. 4:25-cv-153-DJH |
| MIKE LEWIS, Jailer, Hopkins County Jail et al., | Respondents. |

\* \* \* \* \*

## **MEMORANDUM AND ORDER**

Petitioner Ranbeer Singh, a noncitizen resident of California currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. Singh asserts that his detention by immigration authorities without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The Court granted the parties' joint motion to forgo a show-cause hearing given the absence of a factual dispute. (D.N. 8) The United States, on behalf of Respondents Samuel Olson, Todd M. Lyons, Kristi Noem, and Pam Bondi, moves to dismiss for lack of subject-matter jurisdiction in response to the Court's show-cause order. (D.N. 9) Singh opposes the motion. (D.N. 10) After careful consideration, the Court will deny the motion to dismiss and grant the petition for the reasons explained below.

**I.**

Singh is a "citizen of India who entered the United States without inspection" in 2013. (D.N. 1, PageID.1) He has "resided in California for approximately 12 years," has no criminal

record, and "has two children who are U.S. Citizens."[1]  (*Id.*, PageID.1, 6)  Singh states that he has work authorization and a social security number.  (*See* D.N. 1, PageID.7)  Singh applied for asylum on August 4, 2014, and was subsequently issued a notice to appear and placed in removal proceedings under 8 U.S.C. § 1229a.  (*Id.*, PageID.6; *see also* D.N. 1-1; D.N. 1-2; D.N. 1-3)  He was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (*See* D.N. 1-3, PageID.19 ("[you are] charged . . . pursuant to . . . 212(a)(6)(A)(i) of the Immigration and Nationality Act"))  Singh was scheduled for a hearing before an immigration judge in March 2029 on his asylum application and his later filing for cancellation of removal.  (D.N.1, PageID.2; D.N. 1-4; D.N. 1-5)  He was detained and apprehended by Immigration and Customs Enforcement (ICE) on November 17, 2025, in Indiana while traveling for a work appointment with the U.S. Department of Transportation.[2]  (D.N. 1, PageID.2; D.N. 9-2, PageID.76)

Singh is currently detained at Hopkins County Jail in Madisonville, Kentucky.  (*See* D.N. 1, PageID.2)  He seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Hopkins County Jailer Mike Lewis, Acting ICE Director Todd M. Lyons, U.S. Attorney General Pam Bondi, and Department of Homeland Security Secretary Kristi Noem.[3]  (*See*

---

[1] Singh states that he has also paid U.S. income taxes since obtaining his work authorization and social security number, owns a home in California, and owns a trucking company registered in Indiana.  (D.N. 1, PageID.7)

[2] Respondents state that Singh's trucking company is currently being investigated by the Indiana State Police for "falsifying drivers logs."  (*See* D.N. 9, PageID.52–53; D.N. 9-1, PageID.74)  Singh responds that as of the filing of his reply, he has not been "charged with any criminal offense" related to the investigation.  (D.N. 10, PageID.82 n.3)

[3] Singh also alleges a violation of the Administrative Procedure Act (APA).  (D.N. 1, PageID.10) In light of the Court's conclusion that Respondents violated Singh's due process rights, the Court need not analyze the APA allegations.  *See K.E.O. v. Woosley*, No. 4:25-CV-74-RGJ, 2025 WL 2553394, at *4–7 (W.D. Ky. Sept. 4, 2025); *Santamaria Orellana v. Baker*, No. CV 25-1788-

*generally* D.N. 1) Singh requests that the Court order Respondents to schedule a bond hearing.[4] (D.N. 1, PageID.11)  Respondents move to dismiss for lack of jurisdiction and ask, in the alternative, that the Court deny Singh's petition.[5] (D.N. 9, PageID.49)  More specifically, they argue that (1) the Court lacks jurisdiction to hear the habeas petition; (2) Singh's detention is lawful under § 1225(b)(2); (3) his detention does not violate due process; and (4) the remedy of release is not appropriate "prior to [an] immigration judge entertaining a bond hearing." (*See* D.N. 9, PageID.53–71)

## II.

### A.    Jurisdiction

Federal courts have jurisdiction to grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).  This jurisdiction includes habeas corpus challenges to the legality of a noncitizen's detention. *See Rasul v. Bush*, 542 U.S. 466, 483–84 (2004); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although the Court "may not review discretionary decisions made by immigration authorities, it

---

TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025) (stating that the court "need not and will not reach [the petitioner's] remaining argument[] as to how the revocation of his release is otherwise unlawful under the APA" given violations of due process and the *Accardi* doctrine).  *But see Hernandez-Balacaza v. Smith*, No. 5:25-CV-177-BJB, 2025 WL 3298082 (W.D. Ky. Nov. 26, 2025) (considering the propriety of APA claims in habeas petitions and ordering supplemental briefing on the issue).

[4] Singh also requests that Respondents be enjoined from moving him outside this district. (*See* D.N. 1, PageID.11)  As in other recent cases, the Court will deny this request as moot.  *See Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *8 n.10 (W.D. Ky. Nov. 4, 2025) (citing *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *16 (E.D.N.Y. Oct. 6, 2025)).

[5] "A motion to dismiss is not contemplated under the [h]abeas [r]ules" because "such a motion is effectively duplicative of an [a]nswer to a [p]etition, in which all relevant arguments that could be made on such a motion can and should be made." *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042, at *11 (D. Md. Oct. 21, 2025) (explaining why a federal district court "ordinarily does not apply Federal Rule of Civil Procedure 12, which governs the filing of a motion to dismiss, to a habeas petition"). Because the Court finds that it has jurisdiction here, the motion to dismiss will "necessarily be denied as to" that issue. *Id.*

may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020) (citing *Zadvydas*, 533 U.S. at 688).

Respondents argue that the Court's jurisdiction to hear Singh's claims is limited under 8 U.S.C. § 1252(g) and § 1252(b)(9). (*See* D.N. 9, PageID.53–54) Section 1252(g) prohibits federal courts from hearing claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." Respondents contend that the decision to detain Singh "arose from the commencement of his removal proceedings" and thus falls under § 1252(g)'s jurisdictional bar. (*Id.*, PageID.54)

The Court previously considered and rejected this argument in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *2–3 (W.D. Ky. Nov. 4, 2025). There, the Court observed that § 1252(g)'s jurisdictional bar is "narrow" and limited to the three actions listed in that provision: commencing proceedings, adjudicating cases, and executing removal orders. *See id.* at *2 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)). Like the petitioner in *Alonso*, Singh asks the Court to review his detention without the opportunity for a bond hearing "while [the issue of] his removability is resolved" (*see* D.N. 10, PageID.79), which is not prohibited under § 1252(g). 2025 WL 3083920, at *2–3; *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("[W]e read the language [in § 1252(g)] to refer to just those three specific actions themselves." (citing *Reno*, 525 U.S. at 482–83)).[6]

Respondents also contend that subsection (b)(9) deprives the Court of jurisdiction because it bars claims challenging the decision to detain. (*See* D.N. 9, PageID.53) Further, they argue that

---

[6] The Court has previously rejected as unpersuasive or immaterial several of the cases Respondents cite in their brief. *Compare Alonso*, 2025 WL 3083920, at *2, *and Singh*, No. 4:25-CV-133-DJH, 2025 WL 3298080, at n.6 (W.D. Ky. Nov. 26, 2025), *with* D.N. 9, PageID.54.

4

Singh's "legal questions" for the Court arise from actions to remove him from the United States. (*Id.*)  Section 1252(b) states that

> [w]ith respect to review of an order of removal . . . the following requirements apply:
>
> . . . .
>
> (9) Consolidation of questions for judicial review
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision . . . , to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).  As with § 1252(g), the Court rejects Respondents' argument that the "legal basis for detaining in the first place" is challenged (*see* D.N. 9, PageID.53), since Singh asks the Court to review his detention without the opportunity for a bond hearing (*see* D.N. 10, PageID.79). And § 1252(b)(9) applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b).  The Court thus concludes that it has jurisdiction over Singh's claims.  *See Alonso*, 2025 WL 3083920, at *2–3; *Singh v. Lewis*, No. 4:25-CV-133-DJH, 2025 WL 3298080, at *2–4 (W.D. Ky. Nov. 26, 2025).

**B.    Immigration and Nationality Act**

Singh asserts that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, because § 1226(a) "governs his case." (*See* D.N. 1, PageID.10) Respondents argue that Singh is "an applicant for admission" and that therefore, "8 U.S.C. § 1225(b) governs Singh's detention."[7] (D.N. 9, PageID.55) Respondents' argument as to the applicability of § 1225 over §

---

[7] The Court acknowledges Respondents' discussion of recent district court decisions that have reached contrary conclusions on the meaning of the phrase "seeking admission" and the applicability of § 1225(b).  (*See* D.N. 9, PageID.51–52) In this case, the Court bases its conclusions on a careful consideration of the most up-to-date caselaw.

1226 is nearly identical to the argument made in *Alonso*, 2025 WL 3083920, at *4–8.[8] *See also Singh*, 2025 WL 3298080 (same argument). The Court thus summarizes and incorporates by reference its reasoning and determination from *Alonso*.[9] In *Alonso*, the Court relied on the language and context of § 1225 and § 1226 in concluding that the petitioner was an applicant for admission without "seeking admission" as defined under § 1225(b)(2)(A) because he had resided in the United States for an extended period. *See Alonso*, 2025 WL 3083920, at *5, *7. The Court further found that because the petitioner was "arrested and detained pending a decision on whether [he was] to be removed from the United States," *id.* at *5 (quoting § 1226(a)), he was detained under § 1226(a) and would therefore receive a bond hearing, *id.* at *8.

Consistent with *Alonso* and caselaw from across the country addressing the same issue, the Court concludes that Singh is detained under § 1226(a) rather than § 1225(b)(2) and is entitled to a bond hearing. *Alonso*, 2025 WL 3083920, at *7; *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025).

**C.     Due Process**

Singh asserts that his detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.4, 10–11) Respondents contest this assertion, arguing that Singh has been given all the

---

[8] Respondents also argue that the Court should afford *Skidmore* deference to the BIA's decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*See* D.N. 9, PageID.67–69) The Court addressed an identical argument in *Singh v. Lewis*, No. 4:25-CV-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025) ("the Court will not afford *Skidmore* deference to *In re Yajure Hurtado*").

[9] As to statutory interpretation and the significance of the Laken Riley Act, specifically, Respondents expound the reasonings of several recent decisions that are not binding to this Court. (*See, e.g.*, D.N. 9, PageID.58–61) "The Court is not surprised that as more cases are resolved across the country that the district courts are not in full agreement." *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3301053, at *13 (W.D. Ky. Nov. 26, 2025). "But still the plain language text and rules of statutory interpretation dictate the outcome." *Id.*; *compare id.* at *9–13 (examining contrary caselaw), *with* D.N. 9, PageID.58–64, 66–67.

due process that is required for detention under § 1225(b). (D.N. 9, PageID.69) But as previously discussed, Singh is detained under § 1226, not § 1225. Therefore, Respondents' argument on the due process required for § 1225(b) detainees is irrelevant.[10]

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). The Court applies the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether civil detention violates due process. *See Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court must weigh three factors:

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citing *Mathews*, 424 U.S. at 335).

Here, the three factors each support granting Singh a hearing. Like the petitioners in *Barrera* and other cases recently before the Court, Singh "has a significant private interest in not being detained." *Barrera*, 2025 WL 2690565, at *6; *see also Alonso*, 2025 WL 3083920, at *8. And "the risk of erroneously depriving [Singh] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 2025 WL 2496379, at *9; *see*

---

[10] To the extent that Respondents rely on the due-process analysis in *Rojas v. Olson*, which involved an automatic stay and a finding that the petitioner was detained under § 1225, *see* No. 25-cv-1437-bhl, 2025 WL 3033967, at *54–61 (E.D. Wis. Oct. 30, 2025), the findings of the *Rojas* court are not binding here and contradict prior decisions of this Court involving identical automatic stays, *see, e.g.*, *Martinez-Elvir v. Olson*, No. 3:25-CV-589-CHB, 2025 WL 3006772 (W.D. Ky. Oct. 27, 2025).

7

*also* 8 C.F.R. §1236.1(c)(8), (d)(1); *Guerra v. Woosley*, No. 4:25-CV-119-RGJ, 2025 WL 3046187, at *5 (W.D. Ky. Oct. 31, 2025) ("In fact, [Petitioner] has no criminal history and is engaged to a United States citizen . . . . She is also awaiting the decision of [an] asylum claim."). Finally, a "routine bond hearing" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025). The Court thus finds that Singh's detention without a bond hearing violates due process. *See Alonso*, 2025 WL 3083920, at *8; *Guerra*, 2025 WL 3046187, at *5; *Barrera*, 2025 WL 2690565, at *7; *Lopez-Campos*, 2025 WL 2496379, at *9–10.

**D.     Release as a Remedy**

Finally, Respondents argue that finding Singh's detention falls under § 1226 and then ordering his immediate release would be "contrary to statute." (*See* D.N. 9, PageID.70) They state that this would "den[y] the process mandated by the detention statute he claims is applicable."[11]  (*Id.*)

The Court recently considered the same arguments in *Salinas*, 2025 WL 3243837, at *4–5, where it noted that "district courts, including this Court, [had] previously ordered both immediate release and bond hearings for habeas petitioners detained under § 1226." *Id.* at *4 (citations omitted). While the petitioner in *Salinas* was released on conditional parole under § 1226 prior to the detention at issue, the analysis is equally applicable here. Singh has likewise "been denied the opportunity to pursue the process provided under § 1226(a) and its accompanying

---

[11] Singh's reply did not present any counterarguments on this point (*see generally* D.N. 10), presumably because his petition did not explicitly seek both forms of relief (*see* D.N. 1, PageID.11). But the Court will address the government's arguments here to maintain consistent remedies between similarly situated habeas petitioners. *See, e.g.*, *Salinas*, 2025 WL 3243837, at *5.

8

regulations[:] [he] has not received the chance for a bond hearing on the merits." *Id.* (citations omitted); *see also Maldonado*, 2025 WL 2960842, at *11 (ordering petitioner's immediate release after he was denied a bond hearing under § 1226(a)). Moreover, the Court found it proper to order a bond hearing before an immigration judge because the judge would "decide whether detention is appropriate based on the applicable regulations and a variety of factors identified by the BIA." *Salinas*, 2025 WL 3243837, at *5 (citations omitted). The Court will thus order Singh's immediate release and that he be provided a bond hearing prior to any re-detention.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Singh's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. The United States is **DIRECTED** to release Singh from custody immediately and, if he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). The United States **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **December 8, 2025**.

(2) Respondents' motion to dismiss (D.N. 9) is **DENIED**.

(3) Singh's request that Respondents be enjoined from moving him outside this district is **DENIED** as moot.

(4) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

December 4, 2025

David J. Hale, Chief Judge
United States District Court

9